JAMES J. NICITA, Oregon State Bar No. 024068
302 Bluff Street
Oregon City, OR  97045
p) 503-799-0725
e) james.nicita@gmail.com

*Attorney for Plaintiff / Plaintiff Pro Se*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **JAMES J. NICITA**, a resident of Oregon<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>**DANIEL W. HOLLADAY**, in his individual capacity; in his official capacity as mayor of the City of Oregon City, Oregon, a municipal corporation; and in his official capacity as a commissioner of the Urban Renewal Commission of Oregon City,<br><br>**THE CITY OF OREGON CITY**, a municipal corporation,<br><br>　　and<br><br>**THE URBAN RENEWAL AGENCY**, an agency of the City of Oregon City,<br><br>　　Defendants. | Case No. 3:19-cv-01960-YY<br><br>Plaintiff's Second Notice of Supplemental Authority |

///

1

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

As follow-up to oral argument in the above-referenced case on September 22nd, 2021, Plaintiff offers the following supplemental authority.

**I.      Oregon Tampering Statutes.**

    **ORS 162.295 Tampering with physical evidence.** (1) A person commits the crime of tampering with physical evidence if, with intent that it be used, introduced, rejected or unavailable in an official proceeding which is then pending or to the knowledge of such person is about to be instituted, the person:

    (a) Destroys, mutilates, alters, conceals or removes physical evidence impairing its verity or availability; or

    (b) Knowingly makes, produces or offers any false physical evidence; or

    (c) Prevents the production of physical evidence by an act of force, intimidation or deception against any person.

    (2) Tampering with physical evidence is a Class A misdemeanor.

    **ORS 162.305 Tampering with public records.** (1) A person commits the crime of tampering with public records if, without lawful authority, the person knowingly destroys, mutilates, conceals, removes, makes a false entry in or falsely alters any public record, including records relating to the Oregon State Lottery.

    (2)(a) Except as provided in paragraph (b) of this subsection, tampering with public records is a Class A misdemeanor.

    (b) Tampering with records relating to the Oregon State Lottery is a Class C felony.

There is no available evidence that the draft minutes of the February 6, 2021 Oregon City urban renewal commission (URC) meeting still exist. The absence of these minutes provides evidence of possible tampering in violation of both of the foregoing statutes. Plaintiff filed his tort claim just before 4 p.m. on May 29, 2021. That marked the beginning of the official proceeding that began or was about to begin, namely, the instant case.

Later that evening, the URC approved the draft minutes. If the draft minutes were

destroyed, concealed or altered -- either before or after approval -- with the intent to impair their availability in this case and deprive Plaintiff of an additional libel claim, based on Defendant Holladay's defamatory statements of February 6, 2021, such an act would violate both of the foregoing statutes, the first in particular. (As to the second statute, Plaintiff submits that the Oregon Secretary of States pertinent retention rule requires permanent retention of minutes, and the rule makes no distinction between draft minutes and final minutes. OAR 166-200-0235(5)(a).)

## II.   Case Authority Not in Briefing

In *Chief Aircraft, Inc. v. Grill*, 288 Or App 729, 439 P3d 909 (2017), the Oregon Court of Appeals applied the three-part test as to "whether a reasonable factfinder could conclude that the statement implies an assertion of objective fact," as set forth by the Oregon Supreme Court in *Neumann v. Liles,* 358 Or. 706, 718-719, 369 P3d 1117 (2016): 1) whether the general tenor of the entire publication negates the impression that the defendant was asserting an objective fact; 2) whether the defendant used figurative or hyperbolic language that negates that impression; and 3) whether the statement at issue is susceptible of being true or false.

In doing so, the Court of Appeals, regarding the second element of the test, employed dictionary definitions of the terms "figurative" and "hyperbolic": "Figurative" language is "characterized by figures of speech or elaborate expression." "Hyperbolic" language is characterized by "*extravagant* exaggeration that represents something as *much* greater or less, better or worse, or more intense *than it really is* or that depicts the impossible as actual." *Chief Aircraft, Inc. v. Grill*, 288 Or App at 733, fn.3. (Emphasis added.)

Based on these definitions, nothing in Defendant Holladay's defamatory statements cited by Plaintiff in his proposed Second Amended Complaint at paragraphs 41 and 49 of his

proposed Second Amended Complaint could be described as figurative or hyperbolic; while there is some exaggeration, it cannot be described as "extravagant." Even the use of the word "thousands" several times in the fourth paragraph of the quote in paragraph of 49 can't be asserted as "hyperbolic," because there is no factual information of a baseline -- what "it really is" -- to establish whether there is exaggeration. Further, there is no figurative or exaggerated language (or "tenor" for that matter) in either passage that are directed towards, speak to, or are associated with the simple, straightforward, and eminently provable objective fact: namely, has Plaintiff prevailed in a LUBA appeal against Defendant Oregon City or not. Nothing negates the impression that Defendant Holladay was asserting as an objective fact that Plaintiff had never won a LUBA appeal against Oregon City. (See case cited by Defendants, *Unelko Corp. v. Rooney*, 912 F2d 1049, 1052-1055 (9th Cir. 1990)).

    Defendant Holladay defamed Plaintiff.

    DATED this 24th day of September, 2021.

    Respectfully submitted,

s/ James J. Nicita_____
JAMES J. NICITA, Oregon State Bar No. 024068
302 Bluff Street
Oregon City, OR  97045
p) 503-799-0725
e) james.nicita@gmail.com

*Attorney for Plaintiff / Plaintiff Pro Se*

## CERTIFICATE OF FILING AND SERVICE

I certify that on September 24th, 2021, I filed the foregoing *Second Notice of Supplemental Authority* with the U.S. District Court of Oregon via the Court's electronic filing system, and served Defendants Daniel W. Holladay, City of Oregon City, and Oregon City Urban Renewal Agency by E-File to the their following counsel:

John R. Barhoum, OSB No. 045150
Email: john.barhoum@chockbarhoum.com
Jeffery W. Hansen, OSB No. 923290
Email: jeff.hansen@chockbarhoum.com
Joseph Joseph A. Rohner, IV, OSB No. 064919
Email: joseph.rohner@chockbarhoum.com
Chock Barhoum LLP
121 SW Morrison St., Suite 415
Portland, OR   97204
503-223-3000

DATED September 24th, 2021

s/ James J. Nicita
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR   97045
(503) 650-2496
james.nicita@gmail.com