IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES J. NICITA, an individual,

        Plaintiff,

    v.

DANIEL W. HOLLADAY, in his individual capacity; in his official capacity as mayor of the City of Oregon City, Oregon, a municipal corporation; and in his official capacity as a Commissioner of the Urban Renewal Commission of Oregon City, and THE CITY OF OREGON CITY, a municipal corporation, and THE URBAN RENEWAL AGENCY, an agency of the City of Oregon City,

        Defendants.

No. 3:19-cv-01960-YY

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge You issued a Findings and Recommendation on October 27, 2021, in which she recommends that this Court deny Plaintiff's Motion for Leave to Amend and grant

1 - ORDER

Defendant's Motion to Dismiss, resulting in the dismissal of this action with prejudice. F&R, ECF 37. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation. Pl. Obj., ECF 39. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Plaintiff's objections, and the Court has also reviewed the pertinent portions of the record *de novo*. The Court adopts Magistrate Judge You's Findings and Recommendation except for her recommendation regarding one claim: Plaintiff's First Amendment retaliation claim based on Defendant Holladay's vote to deny Plaintiff a fee waiver. Although Judge You recommends dismissing that claim, the Court finds that Plaintiff has plausibly plead a viable retaliation claim under *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016).

## First Amendment Retaliation

To state a First Amendment Retaliation claim, a plaintiff must plausibly allege facts supporting three elements:

> [A] plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. *Id.*

In *O'Brien*, the Ninth Circuit explained that "lawful government action may nonetheless be unlawful if motivated by retaliation for having engaged in activity protected under the First Amendment." *Id.* (citing an earlier decision holding "that a plaintiff need not establish the

absence of probable cause for a police officer's seizure of the plaintiff's personal property to make out a First Amendment retaliation claim"). Indeed, in *O'Brien*, the panel held that a decision by university faculty to initiate disciplinary proceedings against a student would chill a reasonable person's rights even though the disciplinary proceedings and other sanctions were ostensibly appropriate under the university's student conduct code. *See id.* at 933–34. The issue was, as the court explained, "whether defendants imposed that discipline as retaliation for O'Brien's protected activity." *Id.* at 935. Put plainly, a First Amendment retaliation claim cannot fail as a matter of law merely because the allegedly retaliatory conduct was otherwise lawful. *See id.*

Here, viewing the complaint's allegations in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, the Court concludes that he has plausibly pled facts supporting all three elements. The first element is easily disposed of; as Judge You noted, "[c]onstituents have an 'enormous first amendment interest in directing speech about public issues to those who govern their city.'" F&R 25 (citing *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990)). So, Plaintiff's assorted challenges and grievances regarding various proposed City developments, including the challenge for which he was denied a fee waiver, were protected under the First Amendment.

Turning to the chilling effect, the Court concludes that Plaintiff has plausibly alleged that Defendant Holladay's conduct "would chill a person of ordinary firmness from continuing to engage in the protect activity." *O'Brien*, 818 F.3d at 932. A "person of ordinary firmness" would find her free speech rights chilled by Defendant Holladay's vote not to waive a nearly $8,000 fee, doubly so where the rest of the Commission agreed, and the fee was actually imposed. Although voting against waiving the fee—which comprised a filing fee and attorney's fees—was

3 - ORDER

lawful under local law, that lawfulness does not make it any less chilling under *O'Brien*. Voting to impose—or voting not to discharge—a significant financial burden would make an ordinary person think twice before engaging in the protected activity that precipitated such burden. Indeed, it is this "state action" affecting Plaintiff's "tangible interests"—i.e., Holladay's vote to impose a significant fee that was in fact imposed—that allows Plaintiff's retaliation claim to cross the plausibility threshold. *See Mulligan v. Nichols*, 835 F.3d 983, 989 (9th Cir. 2016). Were Plaintiff's claim based solely on Defendant's attendant speech, discussed further below, his claim would likely not meet the "high bar" for retaliation claims arising from speech from government officials. *Id.* But, as pled, Plaintiff focuses on Defendant Holladay's vote to impose an onerous fee, and a jury could find that action "reasonably likely to deter an ordinary person from engaging in protected speech and conduct." *O'Brien*, 818 F.3d at 933 (internal citations omitted).

Finally, the Court concludes that Plaintiff's plausibly alleged that his protected activity was "a substantial or motivating factor in Defendant [Holladay]'s conduct." *Id.* at 932. Just before Defendant Holladay voted to deny Plaintiff's fee request, Holladay stated—on the meeting record and in front of his fellow Commissioners—that "I think we go down a dangerous road when someone makes it a mission to kill a project just to kill a project," allegedly referring to Plaintiff's attempts to stop the development, i.e., his protected activity. SAC ¶ 37. Indeed, Plaintiff alleged several other instances where Defendant Holladay disparaged Plaintiff's past protected activity, strengthening an inference that Plaintiff's current protected activity was a motivating factor in Defendant's vote against waiving the fee. *See, e.g.,* SAC ¶ 30. At the plausibility stage, Plaintiff has done enough. Although Plaintiff may fail to support his claim with admissible evidence, or he may fail to show more than nominal damages because the

4 - ORDER

evidence reveals that the other Commissioners' votes lacked a retaliatory motive, these potential roadblocks are irrelevant at the pleading stage. Instead, looking only at the well-pleaded allegations in the Second Amended Complaint, Plaintiff has plausibly alleged that his protected conduct was a "substantial or motivating factor" in Defendant Holladay's vote against waiving the fee. *Id.* at 932. And, again, even supposing that vote was otherwise lawful, that lawfulness does not preclude Plaintiff's retaliation claim. *See id.*

### Plaintiff's Other Claims

Regarding Plaintiff's objections to Judge You's recommended dismissal of his other claims, the Court finds they lack merit and agrees with Judge You's recommendation that his other claims be dismissed with prejudice and will not rehash her thorough analysis. The Court pauses only to address Plaintiff's global objection that Judge You failed to provide him with a detailed description of the deficiencies in his amended complaint before deeming further amendment futile—a service he claims he deserves as a pro se litigant. Pl.'s Br. 7. Tellingly, Plaintiff objects that he deserved liberal treatment and detailed notice of his complaint's deficiencies, yet he does not explain how he would cure those deficiencies if he were granted leave to amend, choosing instead to argue that his allegations were never inadequate in the first place. Looking to the record, the Court finds that the Magistrate Judge's generous, liberal treatment of Plaintiff's "pro se" complaint was proper given Plaintiff's status as a member of the Oregon State Bar.[1] *See Osgood v. Main Streat Marketing, LLC*, 2017 WL 131829, at *3 (S.D.

---

[1]Plaintiff was admitted to the Oregon State Bar in 2002, and his present status is "Active Pro Bono," meaning that he is authorized to provide legal services only to indigent clients referred by pro bono programs. *See OSB Membership Directory*, Oregon State Bar, osbar.org/members, (last accessed March 8, 2022).

5 - ORDER

Cal. 2017) (noting that the contours of the pro-se leniency rule in the context of attorneys representing themselves are ill-defined).

## CONCLUSION

The Court ADOPTS Magistrate Judge You's Findings and Recommendation, ECF 37, except for her recommendation that Plaintiff's First Amendment Retaliation claim be dismissed, which the Court declines to adopt for the reasons described above. Therefore, Plaintiff's Motion for Leave to Amend, ECF 26 is GRANTED in part and DENIED in part, and Defendant's Motion to Dismiss, ECF 15, is GRANTED in part and DENIED in part. Every claim in Plaintiff's Proposed Second Amended Complaint except his First Amendment Retaliation claim against Defendant Holladay based on Holladay's vote to deny Plaintiff's fee waiver is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: _____April 4, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

6 - ORDER