The Honorable Youlee Yim You

James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR   97045
(503) 799-0725
james.nicita@gmail.com

    Plaintiff *Pro Se*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES J. NICITA, a resident of Oregon**  **Plaintiff,**  v.  **DANIEL W. HOLLADAY, in his individual capacity; in his official capacity as mayor of the City of Oregon City, Oregon,**  and  **THE CITY OF OREGON CITY, a municipal corporation,**  **Defendants.** | Case No.  3:19-cv-01960-YY  Hon. Youlee Yim You |

**NOTICE OF *SUBPOENA DUCES TECUM* PURSUANT TO FED. R. CIV. P. 45**

    Please take notice that, no sooner than one day after the date hereof, Plaintiff will cause to be served the attached *subpoena duces tecum* pursuant to Federal Rule of Civil Procedure 45, on the following individual:

1. Jesse Buss, Individually and as Chair of the McLoughlin Neighborhood Association.

///

1

2

DATED June 20, 2023

<u>s/ James J. Nicita</u>
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR   97045
(503) 799-0725
james.nicita@gmail.com

Plaintiff *Pro Se*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| *Plaintiff* ) <br> v. ) <br> ) <br> *Defendant* ) | Civil Action No. |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Text | Date and Time: |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 20, 2023

CLERK OF COURT

OR

_____  *Signature of Clerk or Deputy Clerk*     */s/ James Nicita*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* James Nicita, Plaintiff , who issues or requests this subpoena, are:
James Nicita, 302 Bluff Street, Oregon City, Oregon, james.nicita@gmail.com, 503-799-0725

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**TO:** Jesse A. Buss, Individually and as Chair of the McLoughlin Neighborhood Association

In accordance with Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff James J. Nicita hereby requests that you, Jesse A. Buss provide Plaintiff, on the date specified on this *subpoena duces tecum,* the documents requested below.

This request is continuing and Plaintiff respectfully requests supplemental answers from you if you, directly or indirectly, obtain further information of the nature sought herein between the time you are served with this *subpoena duces tecum* and the time of trial. Please provide supplementary information as it is made known to you. This *subpoena duces tecum* is directed to that information.

This *subpoena duces tecum* is directed to all knowledge and all sources of information with respect to the subject matter indicated, If you object to any of the requests for production of documents in this *subpoena duces tecum*, the reasons for the objection must be stated with particularity. If you object to any part of a request for production of documents in this *subpoena duces tecum*, the part objected to must be specified.

## INSTRUCTIONS & DEFINITIONS

This *subpoena duces tecum* is directed to you, Jesse A. Buss, both individually and as the current Chair of the McLoughlin Neighborhood Association, and the disclosures shall include all information known to you.

When used in this *subpoena duces tecum*, the term "document" means any book, pamphlet, periodical, letter, report, memorandum, notation, message, electronic message, fax, telegram, cable, record, study, working paper, chart, graph, index, tape, minutes, contract, lease, invoice, record of purchase or sale, correspondence, electronic or other

1

transcription of taping of telephone or personal conversations or conferences, and any and all other written, printed, typed, taped, punched, filed or graphic matter however produced or reproduced.

The documents requested in this *subpoena duces tecum* do not include documents that clearly indicate that Plaintiff was already provided such document. An example would be where Plantiff's email address is included on a sent list or recipient list of an email message.

## DOCUMENTS REQUESTED

1) The Final minutes of the McGloughlin Neighborhood Association (MNA) Special General Meeting held on or about November 20, 2017. If the final minutes have been executed and approved, Plaintiff requests a copy of those minutes, as well as the minutes of the meeting during which they were reviewed and/or approved.

2) The ballots cast during the vote held during the McGloughlin Neighborhood Association (MNA) Special General Meeting held on or about November 20, 2017.

3) The completed, filled sign-in sheet recording the signatures and/or printed names, addresses, phone numbers, email addresses, or any other identifying information, completed during the McGloughlin Neighborhood Association (MNA) Special General Meeting held on or about November 20, 2017.

4) The record of the transmittal of items 1-3 to the City of Oregon City pursuant to Article XI(a) of the MNA bylaws dated September 2, 2010.

5) All documents reflecting and/or associated with your efforts beginning on July 5, 2022 to the present, to locate, obtain, and provide to Plaintiff items 1-3, including all

communications with Francesca Anton, Denyse McGriff, or any other person you contacted or approach to secure the referenced documents and provide them to Plaintiff.

6) All documents related to the McLoughlin Neighborhood Association public commenting process before the Planning Commission of Oregon City, regarding the proposed Abernethy Place Hotel, land use files CP-17-0002, DP-17-0003, and NR-17-0004.

7) All documents related to the McLoughlin Neighborhood Association and/or individual members' deliberation or consideration, publicly or privately, to appeal the approval of Oregon City Planning Commission proposed Abernethy Place Hotel, land use files CP-17-0002, DP-17-0003, and NR-17-0004, to the Oregon City Commission, and to request a waiver of the required appeal fee.

8) All documents related to the efforts by Denyse McGriff, Daniel W. Fowler, Cameron McCredie, and/or Bill Daniels to schedule a meeting to "reconsider" the vote taken by the McLoughlin Neighborhood Association to appeal the approval of Oregon City Planning Commission proposed Abernethy Place Hotel, land use files CP-17-0002, DP-17-0003, and NR-17-0004, to the Oregon City Commission, and to request a waiver of the required appeal fee.

9) All documents pertaining to the Special General Meeting of the McLoughlin Neighborhood Association held on or about November 20, 2017, either prior to, during, or after this meeting.

10) All documents pertaining to Plaintiff's efforts in early 2018 to get the McLoughlin Neighborhood Association to request a fee waiver for Plaintiff's, or any other individual member of the McLoughlin Neighborhood Association's, appeal of the

3

approval of Oregon City Planning Commission proposed Abernethy Place Hotel, land use files CP-17-0002, DP-17-0003, and NR-17-0004, to the Oregon City Commission.

11) All documents pertaining to Plaintiff's appeal to the Oregon City Commission of the Planning Commission approval of the proposed Abernethy Place Hotel, and his request to the City Commission for a waiver of the local appeal fee. File Nos. AP-17-0006 and PC-18-014.

12) All documents pertaining to Plaintiff's appeal of the City Commission's final decision on AP-17-0006 and PC-18-014 to the Land Use Board of Appeals, *Nicita v. Oregon City*, Case No. 2018-038.

13) All documents pertaining to Plaintiff's appeal of LUBA No. 2018-038 to the Oregon Court of Appeals. *Nicita v. Oregon City*. Case No. A169700.

14) All documents pertaining to Plaintiff's appeal of COA Case No. A169700 to the Oregon Supreme Court. Case No. S066739.

15) All documents pertaining to your communications regarding the foregoing fourteen (14) items with any elected or appointed official of the City of Oregon City, the city attorney or deputy city attorney of Oregon City, or any staff employee of the City of Oregon City.

## CERTIFICATE OF FILING AND SERVICE

  I JAMES J. NICITA, hereby certify that on June 20, 2023, and pursuant to Fed. R. Civ. P. 5(b)(2)(E) and 45(a)(4), I served the foregoing **NOTICE OF *SUBPOENA DUCES TECUM* PURSUANT TO FED. R. CIV. P. 45** upon the following attorneys for Defendants Daniel W. Holladay and City of Oregon City by filing said notice with the U.S. District Court of Oregon's electronic filing system:

Jeffery W. Hansen, OSB No. 923290
jeff.hansen@chockbarhoum.com
Jordyn Parsons, OSB No. 174321
jordyn.parsons@chockbarhoum.com
Chock Barhoum LLP
121 SW Morrison St.,
Suite 415 Portland, OR 97204
(503) 223-3000

                DATED June 20, 2023

                s/ James J. Nicita
                James J. Nicita
                OSB No. 024068
                302 Bluff Street
                Oregon City, OR
                (503) 799-0725
                james.nicita@gmail.com

                Plaintiff *Pro Se*