The Honorable Youlee Yim You

James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR   97045
(503) 799-0725
james.nicita@gmail.com

      Plaintiff *Pro Se*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **JAMES J. NICITA, a resident of Oregon** | **Case No.  3:19-cv-01960-YY** |
| **Plaintiff,** | **Hon. Youlee Yim You** |
| **v.** | |
| **DANIEL W. HOLLADAY, in his individual capacity; in his official capacity as mayor of the City of Oregon City, Oregon,** | |
| **and** | |
| **THE CITY OF OREGON CITY, a municipal corporation,** | |
| **Defendants.** | |

## <u>NOTICE OF *SUBPOENAS DUCES TECUM* PURSUANT TO FED. R. CIV. P. 45</u>

Please take notice that, no sooner than one day after the date hereof, Plaintiff will cause to be served the attached *subpoenas duces tecum* pursuant to Federal Rule of Civil Procedure 45, on the following individuals:

1. Brian Shaw
2. Nancy Ide
3. Renate Mengelberg
4. Frank O'Donnell

1

DATED June 30, 2023

/s/ James J. Nicita
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR   97045
(503) 799-0725
james.nicita@gmail.com

Plaintiff *Pro Se*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | )<br>)<br>)<br>)<br>)<br>) | |
|---|---|---|
| _____<br>*Plaintiff* | | |
| v. | | Civil Action No. |
| _____<br>*Defendant* | | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:          Text | Date and Time: |
|---|---|
| | |

☒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
James Nicita, Plaintiff
_____ , who issues or requests this subpoena, are:
James Nicita, 302 Bluff Street, Oregon City, Oregon, james.nicita@gmail.com, 503-799-0725

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#10005; I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

&#10005; I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**TO:**        **Brian Shaw**

In accordance with Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff James J. Nicita hereby requests that you, Brian Shaw, in your private, individual, and non-official capacity, provide Plaintiff, by the date specified on this *subpoena duces tecum,* the documents requested below.

This request is continuing and Plaintiff respectfully requests supplemental answers from you if you, directly or indirectly, obtain further information of the nature sought herein between the time you are served with this *subpoena duces tecum* and the time of trial. Please provide supplementary information as it is made known to you. This *subpoena duces tecum* is directed to that information.

This *subpoena duces tecum* is directed to all knowledge and all sources of information with respect to the subject matter indicated, If you object to any of the requests for production of documents in this *subpoena duces tecum*, the reasons for the objection must be stated with particularity. If you object to any part of a request for production of documents in this *subpoena duces tecum*, the part objected to must be specified.

### INSTRUCTIONS & DEFINITIONS

This *subpoena duces tecum* is directed to you, Brian Shaw, and the disclosures shall include all information known to you. When used in this *subpoena duces tecum*, the term "document" means any book, pamphlet, periodical, letter, report, memorandum, notation, message, electronic message, electronically stored information (ESI), metadata, social media post, fax, telegram, cable, record, study, working paper, chart, graph, index, tape, minutes, contract, lease, invoice, record of purchase or sale, correspondence,

1

electronic or other transcription of taping of telephone or personal conversations or conferences, and any and all other written, printed, typed, taped, punched, filed or graphic matter however produced or reproduced.

The documents requested in this *subpoena duces tecum* do not include documents that clearly indicate that Plaintiff is or should be already in possession of such document. An example would be where Plaintiff's email address is included on a sent list or recipient list of an email message.

### DOCUMENTS REQUESTED

1) All documents relating to your participation, including but not limited to your direct organizing efforts, in the recall campaign against Plaintiff James Nicita from his seat on the city commission of Oregon City in 2011.

2) 1) All of your communications to and from Daniel Holladay, Renate Mengelberg, Nancy Ide, Frank O'Donnell, Daniel Fowler, and/or Anthony Konkol, III, regarding Plaintiff James Nicita, from the beginning of Plaintiff's term as city commissioner of Oregon City in 2009 through the recall campaign against Plaintiff from his seat on the city commission of Oregon City in 2011, and from the end of the recall campaign in 2011 to the filing of this lawsuit in December 2019.

3) All of your communications to and from William Gifford, Fred Bruning, and/or Scott Parker during the recall campaign against Plaintiff James Nicita from his seat on the city commission of Oregon City in 2011.

4) All documents relating to your support for, and/or participation in, the campaign of Daniel Holladay for mayor of Oregon City in 2014.

5) All documents relating to the support of and/or participation by, Daniel Fowler, Daniel Holladay, Nancy Ide, Renate Mengelberg, and/or Frank O'Donnell in your campaign for the office of city commissioner of Oregon City in 2014.

6) All documents relating to your support for, and/or participation in, the campaign of Nancy Ide for city commissioner of Oregon City, and/or the campaign for Frank O'Donnell for city commissioner of Oregon City, in 2016.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:          Text | Date and Time: |
|---|---|
|  |  |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
James Nicita, Plaintiff
_____, who issues or requests this subpoena, are:
James Nicita, 302 Bluff Street, Oregon City, Oregon, james.nicita@gmail.com, 503-799-0725

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**TO:**      **Nancy Ide**

In accordance with Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff James J. Nicita hereby requests that you, Nancy Ide, in your private, individual, and non-official capacity, provide Plaintiff, by the date specified on this *subpoena duces tecum,* the documents requested below.

This request is continuing and Plaintiff respectfully requests supplemental answers from you if you, directly or indirectly, obtain further information of the nature sought herein between the time you are served with this *subpoena duces tecum* and the time of trial. Please provide supplementary information as it is made known to you. This *subpoena duces tecum* is directed to that information.

This *subpoena duces tecum* is directed to all knowledge and all sources of information with respect to the subject matter indicated, If you object to any of the requests for production of documents in this *subpoena duces tecum*, the reasons for the objection must be stated with particularity. If you object to any part of a request for production of documents in this *subpoena duces tecum*, the part objected to must be specified.

### INSTRUCTIONS & DEFINITIONS

This *subpoena duces tecum* is directed to you, Nancy Ide, and the disclosures shall include all information known to you. When used in this *subpoena duces tecum*, the term "document" means any book, pamphlet, periodical, letter, report, memorandum, notation, message, electronic message, electronically stored information (ESI), metadata, social media post, fax, telegram, cable, record, study, working paper, chart, graph, index, tape, minutes, contract, lease, invoice, record of purchase or sale, correspondence,

electronic or other transcription of taping of telephone or personal conversations or conferences, and any and all other written, printed, typed, taped, punched, filed or graphic matter however produced or reproduced.

The documents requested in this *subpoena duces tecum* do not include documents that clearly indicate that Plaintiff is or should be already in possession of such document. An example would be where Plaintiff's email address is included on a sent list or recipient list of an email message.

## DOCUMENTS REQUESTED

1) All of your communications to and from Daniel Holladay, Brian Shaw, Renate Mengelberg, Frank O'Donnell, Daniel Fowler, and/or Anthony Konkol, III, regarding Plaintiff James Nicita, from the beginning of Plaintiff's term as city commissioner of Oregon City in 2009 through the recall campaign against Plaintiff from his seat on the city commission of Oregon City in 2011, and from the end of the recall campaign in 2011 to the filing of this lawsuit in December 2019.

2) All documents relating to your support for, and/or participation in, the campaigns of Daniel Holladay for mayor of Oregon City, and/or Brian Shaw for city commissioner of Oregon City, in 2014.

3) All documents relating to the support of and/or participation by, Daniel Fowler, Daniel Holladay, Brian Shaw, Renate Mengelberg, and/or Frank O'Donnell in your campaign for the office of city commissioner of Oregon City in 2016.

4) All documents relating to your support for, and/or participation in, the campaign Frank O'Donnell for city commissioner of Oregon City, in 2016.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:              Text | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| CLERK OF COURT | | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | OR | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
James Nicita, Plaintiff
_____ , who issues or requests this subpoena, are:
James Nicita, 302 Bluff Street, Oregon City, Oregon, james.nicita@gmail.com, 503-799-0725

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**TO:**        **Renate Mengelberg**

In accordance with Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff James J. Nicita hereby requests that you, Renate Mengelberg, in your private, individual, and non-official capacity, provide Plaintiff, by the date specified on this *subpoena duces tecum,* the documents requested below.

This request is continuing and Plaintiff respectfully requests supplemental answers from you if you, directly or indirectly, obtain further information of the nature sought herein between the time you are served with this *subpoena duces tecum* and the time of trial. Please provide supplementary information as it is made known to you. This *subpoena duces tecum* is directed to that information.

This *subpoena duces tecum* is directed to all knowledge and all sources of information with respect to the subject matter indicated, If you object to any of the requests for production of documents in this *subpoena duces tecum*, the reasons for the objection must be stated with particularity. If you object to any part of a request for production of documents in this *subpoena duces tecum*, the part objected to must be specified.

### INSTRUCTIONS & DEFINITIONS

This *subpoena duces tecum* is directed to you, Renate Mengelberg, and the disclosures shall include all information known to you. When used in this *subpoena duces tecum*, the term "document" means any book, pamphlet, periodical, letter, report, memorandum, notation, message, electronic message, electronically stored information (ESI), metadata, social media post, fax, telegram, cable, record, study, working paper, chart, graph, index, tape, minutes, contract, lease, invoice, record of purchase or sale,

correspondence, electronic or other transcription of taping of telephone or personal conversations or conferences, and any and all other written, printed, typed, taped, punched, filed or graphic matter however produced or reproduced.

The documents requested in this *subpoena duces tecum* do not include documents that clearly indicate that Plaintiff is or should be already in possession of such document. An example would be where Plaintiff's email address is included on a sent list or recipient list of an email message.

## DOCUMENTS REQUESTED

1) All of your communications to and from Daniel Holladay, Brian Shaw, Nancy Ide, Frank O'Donnell, Daniel Fowler, and/or Anthony Konkol, III, regarding Plaintiff James Nicita, from the beginning of Plaintiff's term as city commissioner of Oregon City in 2009 through the recall campaign against Plaintiff from his seat on the city commission of Oregon City in 2011, and from the end of the recall campaign in 2011 to the filing of this lawsuit in December 2019.

2) All documents relating to your support for, and/or participation in, the campaigns of Daniel Holladay for mayor of Oregon City, and/or Brian Shaw for city commissioner of Oregon City, in 2014.

3) All documents relating to the support of and/or participation by, Daniel Fowler, Daniel Holladay, Brian Shaw, Renate Mengelberg, and/or Frank O'Donnell regarding your candidacy and appointment to the office of city commissioner of Oregon City in 2015.

4) All documents relating to your support for, and/or participation in, the campaign Frank O'Donnell for city commissioner of Oregon City, in 2016.

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. _____ |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: _____

*(Name of person to whom this subpoena is directed)*

✂ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:            Text | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
James Nicita, Plaintiff
_____ , who issues or requests this subpoena, are:
James Nicita, 302 Bluff Street, Oregon City, Oregon, james.nicita@gmail.com, 503-799-0725

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**TO:**      **Frank O'Donnell**

In accordance with Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff James J. Nicita hereby requests that you, Frank O'Donnell, in your private, individual, and non-official capacity, provide Plaintiff, by the date specified on this *subpoena duces tecum,* the documents requested below.

This request is continuing and Plaintiff respectfully requests supplemental answers from you if you, directly or indirectly, obtain further information of the nature sought herein between the time you are served with this *subpoena duces tecum* and the time of trial. Please provide supplementary information as it is made known to you. This *subpoena duces tecum* is directed to that information.

This *subpoena duces tecum* is directed to all knowledge and all sources of information with respect to the subject matter indicated, If you object to any of the requests for production of documents in this *subpoena duces tecum*, the reasons for the objection must be stated with particularity. If you object to any part of a request for production of documents in this *subpoena duces tecum*, the part objected to must be specified.

### INSTRUCTIONS & DEFINITIONS

This *subpoena duces tecum* is directed to you, Frank O'Donnell, and the disclosures shall include all information known to you. When used in this *subpoena duces tecum*, the term "document" means any book, pamphlet, periodical, letter, report, memorandum, notation, message, electronic message, electronically stored information (ESI), metadata, social media post, fax, telegram, cable, record, study, working paper, chart, graph, index, tape, minutes, contract, lease, invoice, record of purchase or sale,

correspondence, electronic or other transcription of taping of telephone or personal conversations or conferences, and any and all other written, printed, typed, taped, punched, filed or graphic matter however produced or reproduced.

The documents requested in this *subpoena duces tecum* do not include documents that clearly indicate that Plaintiff is or should be already in possession of such document. An example would be where Plaintiff's email address is included on a sent list or recipient list of an email message.

## DOCUMENTS REQUESTED

1) All of your communications to and from Daniel Holladay, Brian Shaw, Nancy Ide, Renate Mengelberg, Daniel Fowler, and/or Anthony Konkol, III, regarding Plaintiff James Nicita, from the beginning of Plaintiff's term as city commissioner of Oregon City in 2009 through the recall campaign against Plaintiff from his seat on the city commission of Oregon City in 2011, and from the end of the recall campaign in 2011 to the filing of this lawsuit in December 2019.

2) All documents relating to your support for, and/or participation in, the campaigns of Daniel Holladay for mayor of Oregon City, and/or Brian Shaw for city commissioner of Oregon City, in 2014.

3) All documents relating to the support of and/or participation by, Daniel Fowler, Daniel Holladay, Brian Shaw, Renate Mengelberg, and/or Nancy Ide regarding your campaign for the office of city commissioner of Oregon City in 2016. This request encompasses documents relating to Daniel Holladay's encouragement of you to run for the office of city commissioner of Oregon City, at any time prior to your actual declaration of candidacy.

4) All documents relating to your support for, and/or participation in, the campaign Nancy Ide for city commissioner of Oregon City, in 2016.

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I JAMES J. NICITA, hereby certify that on June 30, 2023, and pursuant to Fed. R. Civ. P. 5(b)(2)(E) and 45(a)(4), I served the foregoing **NOTICE OF *SUBPOENAS DUCES TECUM* PURSUANT TO FED. R. CIV. P. 45** upon the following attorneys for Defendants Daniel W. Holladay and City of Oregon City by filing said notice with the U.S. District Court of Oregon's electronic filing system:

Jeffery W. Hansen, OSB No. 923290
jeff.hansen@chockbarhoum.com
Jordyn Parsons, OSB No. 174321
jordyn.parsons@chockbarhoum.com
Chock Barhoum LLP
121 SW Morrison St.,
Suite 415 Portland, OR 97204
(503) 223-3000

DATED June 30, 2023

<u>/s/ James J. Nicita</u>
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR
(503) 799-0725
james.nicita@gmail.com

Plaintiff *Pro Se*