The Honorable Youlee Yim You

James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR   97045
(503) 799-0725
james.nicita@gmail.com

      Plaintiff *Pro Se*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **JAMES J. NICITA, a resident of Oregon** | Case No.  **3:19-cv-01960-YY** |
| **Plaintiff,** | **PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM SCHWABE WILLIAMSON & WYATT, P.C.** |
| **v.** | |
| **DANIEL W. HOLLADAY, in his individual capacity; in his official capacity as mayor of the City of Oregon City, Oregon,** | |
| **and** | **ORAL ARGUMENT REQUESTED** |
| **THE CITY OF OREGON CITY, a municipal corporation,** | |
| **Defendants.** | |

## L.R. 7-1(A) CERTIFICATION

As set forth in the accompanying Declaration of James J. Nicita in support of

Plaintiff's Motion to Compel Production From Schwabe Williamson & Wyatt, P.C.

(hereinafter, "Nicita Declaration"), Plaintiff conferred in good faith with the general counsel

**Plaintiff's Motion to Compel Production From
Schwabe Williamson & Wyatt, P.C. - 1**

**James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com**

for Schwabe Williamson & Wyatt (hereinafter, "Schwabe"), Mr. Colin Folawn, OSB No. 112298, via email. (Nicita Declaration, Ex. F; Ex. H, pp. 1-6 of 8.) He also conferred in good faith telephonically for approximately one-half hour on November 2, 2023 with both Mr. Folawn and with Defendants' new counsel, Mr. Aaron Hisel of Capitol Legal Services. (Nicita Declaration, Ex. H, pp. 6-7 of 8.) Mr. Folawn indicated that Schwabe would not be complying with Plaintiff's *subpoena duces tecum* dated August 23, 2023. Plaintiff therefore files this motion to compel production.

## MOTION

Pursuant to Fed. R. Civ. P. 34(c) and 45(d)(2)(B)(i), Plaintiff respectfully moves the Court to compel Schwabe to produce all of the documents Plaintiff requested of that law firm in Plaintiff's *subpoena duces tecum* dated August 23, 2023 and served on September 5, 2023. (Nicita Declaration, Ex. G, pp. 1-6 of 9.)

## MEMORANDUM

The *subpoena duces tecum* at issue requests documents from the files of former Schwabe attorney Michael Robinson, OSB #910909. During the City Commission proceedings that resulted in the onerous nearly $8,000 appeal fee imposed upon Plaintiff, Robinson represented "the Applicant" for the land use approval for the proposed Abernethy Place Hotel. That "applicant" was Hill Architects, and the "owner" of the project was Hackett Hospitality, LLC. (Nicita Declaration, Ex. I, p. 1 of 23.) During the City

<table>
<tr><td><b>Plaintiff's Motion to Compel Production From<br>Schwabe Williamson & Wyatt, P.C. - 2</b></td><td><b>James J. Nicita<br>Attorney at Law<br>302 Bluff Street<br>Oregon City, Oregon 97045<br>p) (503)-799-0725<br>e) james.nicita@gmail.com</b></td></tr>
</table>

Commission hearing on Plaintiff's appeal and fee waiver request, Robinson appeared with

Daniel Fowler. (Nicita Declaration, Ex. I, p. 16 of 23.)

In their respective initial disclosures, both sides assert that Robinson might have

relevant information. (Nicita Declaration, Ex. D, p. 3 of 5; Ex. E.) Schwabe no longer

employs Robinson. (Nicita Declaration, Ex. E.) The requested documents are in Schwabe's

possession, custody, and control; therefore Schwabe must produce them. Fed. R. Civ. P.

45(a)(1)(A)(iii). *In re Citric Acid Litigation.*, 191 F.3d 1090, 1107-1108 (9th Cir. 1990).

The text of Plaintiff's *subpoena duces tecum* is set forth in the accompanying Nicita

Declaration, Ex. G, pp. 5-6 of 9.

## I.      Plaintiff's Compliance With Fed. R. Civ. P. 45(d)(1).

Fed. R. Civ. P. 45(d)(1) states, "A party or attorney responsible for issuing and

serving a subpoena must take reasonable steps to avoid imposing undue burden or expense

on a person subject to the subpoena."

Plaintiff has caused to be served two separate *subpoenas duces tecum* upon Schwabe

Williamson & Wyatt. Plaintiff caused the first to be served on July 7, 2023. (Nicita

Declaration, Ex. F, pp. 1-6 of 13.) He caused the second to be served on September 5, 2023.

(Nicita Declaration, Ex. G, p. 2 of 9.)

To avoid undue burden on Schwabe, Plaintiff informed the latter's general counsel

Colin Folawn that, at this time, Plaintiff is not pursuing the information he requested in the

first *subpoena duces tecum.* (Nicita Declaration, Ex. F, pp. 11-12 of 13.) The background:

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 3**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

Plaintiff's first subpoena requested Robinson's correspondences with the city attorneys of Defendant Oregon City. (Nicita Declaration, Ex. F, pp. 5-6 of 13.)  When Schwabe served upon Plaintiff his firm's objections to the first subpoena (Nicita Declaration, Ex. F, pp. 7-9 of 13), Plaintiff undertook legal research in order to provide Schwabe with a response to its objections. (Nicita Declaration, Ex. F, pp. 10-13 of 13.) Plaintiff discovered some out-of-district case law suggesting that a party should try to obtain documentation from an opposing party through discovery prior to obtaining it from a non-party via subpoena. Plaintiff as a courtesy indicated in his response to Schwabe that he would not immediately file a motion to compel compliance with the first subpoena until he had made an effort to secure the same documents from the Defendants. (Nicita Declaration, Ex. F, pp. 11-12 of 13.) Plaintiff states here that by not pursuing at this time a motion to compel compliance with the first subpoena, he is not waiving his right to do so in the future; Defendants still have not complied with Plaintiff's discovery requests.

Plaintiff's first subpoena had requested neither attorney-client privileged communications, nor documents subject to the attorney work product doctrine. He requested only Robinson's external communications. (Nicita Declaration, Ex. F, pp. 5-6 of 13.) Nevertheless, in its objections to the first subpoena, Schwabe claimed that the documents Plaintiff requested were shielded by the attorney work product doctrine.  (Nicita Declaration, Ex. F, pp. 8-9 of 13.) In his legal research, Plaintiff found Ninth Circuit case law holding that a non-party to a case cannot invoke the attorney work product doctrine. Plaintiff therefore informed Schwabe that he would be serving a second *subpoena duces tecum* requesting

**Plaintiff's Motion to Compel Production From
Schwabe Williamson & Wyatt, P.C. - 4**

**James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com**

Robinson's work product. Nicita Declaration, Ex. F, p. 12 of 13.)  Plaintiff thereby served his

second *subpoena duces tecum* on Schwabe on September 5, 2023.  (Nicita Declaration, Ex.

G, pp 1-6 of 9.) Schwabe thereafter served Plaintiff with objections to the second subpoena.

(Nicita Declaration, Ex. G, pp 7-9 of 9.)

The second subpoena further evinces Plaintiff's compliance with Fed. R. Civ. P.

45(d)(1). First, Plaintiff fully excludes all documents subject to the attorney-client privilege.

(Nicita Declaration, Ex. G, p. 5 of 9.) Second, whereas the first subpoena asks for documents

pertaining to Plaintiffs state appeals to the Land Use Board of Appeals, the Oregon Court of

Appeals, and the Oregon Supreme Court. (Nicita Declaration, Ex. F, p. 6 of 13), the second

subpoena, the subject of this motion, does not request documents pertaining to the state

appeals. (Nicita Declaration, Ex. G, p. 6 of 9.)


## II.    The Requested Information and Its Relevance

### A.  *Schwabe has waived any objections based on relevance*

Under Fed. R. Civ. P. 45(d)(2)(B), objections to a *subpoena duces tecum* must be

served 14 days after service of the subpoena. Schwabe's objections to Plaintiff's second

*subpoena duces tecum* did not raise relevance as an objection. Therefore, Schwabe has

waived any objection based on relevance. *Kadant Johnson Inc. v. D'Amico*, 2012 WL

1576233, pp. 3-4 (D. Or. 2012).

### B. *Relevance to Plaintiff's claims*

Without waiving the foregoing argument, Plaintiff submits the following regarding

<table>
<tr><td><b>Plaintiff's Motion to Compel Production From<br>Schwabe Williamson & Wyatt, P.C. - 5</b></td><td><b>James J. Nicita<br>Attorney at Law<br>302 Bluff Street<br>Oregon City, Oregon 97045<br>p) (503)-799-0725<br>e) james.nicita@gmail.com</b></td></tr>
</table>

relevance.

As a point of departure, Plaintiff notes the following passage from Judge Hernandez's

Order (Doc. 44) in this case dated April 4, 2022:

> Although Plaintiff may fail to support his claim with admissible evidence, or he
> may fail to show more than nominal damages because the evidence reveals that
> the other Commissioners' votes lacked a retaliatory motive, these potential
> roadblocks are irrelevant at the pleading stage.

Order, pp. 4-5. (Nicita Declaration, Ex. A, pp. 4-5 of 6.)

The "retaliatory motive" to which Judge Hernandez refers is that described in the

third element of the test for first amendment retaliation set forth in *O'Brien v. Welty*, 818

F.3d 920, 932 (9th Cir. 2016):

> [A] plaintiff must show that (1) he was engaged in a constitutionally protected
> activity, (2) the defendant's actions would chill a person of ordinary firmness
> from continuing to engage in the protected activity and (3) the protected
> activity was a substantial or motivating factor in the defendant's conduct. *Id.*

Order, p. 2.  (Nicita Declaration, Ex. A, p. 2 of 6.)

After Judge Hernandez issued his Order, on April 20, 2022 Plaintiff filed his

second amended complaint, *inter alia,* to reflect the foregoing. Second Amended

Complaint (hereinafter, "Complaint," ¶¶ 28-31, 38, 42.) (Doc. 47.) (Nicita Declaration,

Ex. B.)

In this case, the "retaliatory motive" related squarely to Plaintiff's protected rights

to speech and to petition for the redress of grievances: namely imposing the nearly

$8,000 appeal fee upon Plaintiff to prevent Plaintiff from appealing the Planning

Commission's approval of the proposed Abernethy Place Hotel to the City Commission;

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 6**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

and, furthermore, to prevent Plaintiff from fulfilling the exhaustion of remedies

requirement to be able to further appeal to the Oregon Land Use Board of Appeals

(LUBA) – ORS 197.825(2)(a).[1]

Establishing a retaliatory motive of Defendant Holladay and the other city

commissioners for imposing the onerous appeal fee on Plaintiff necessarily involves context

beyond these five individuals, and incidents beyond the specific vote to impose the fee. The

Court and jury must examine what influences other players brought to bear on the

commissioners who actually voted, including but not limited to, the city manager, the

planning director, the city attorneys, and the applicant for the land use approval.

One theory of the case emerging from the discovery process is that a majority of the

City Commission who voted to impose the fee upon Plaintiff were loyal to former mayor

Daniel Fowler. Fowler organized and directed the recall campaign against Plaintiff in 2011

because Plaintiff opposed the proposed Rivers Mall. (Nicita Declaration, Ex. B, Complaint

¶¶ 9, 13-20.) Essentially, there was no way that a Commission majority was going to grant

Plaintiff a fee waiver: the fix was in. The Commission majority was firm in its intent to

prevent Plaintiff from exercising his First Amendment rights to appeal the Planning

Commission's land use approval of the Abernethy Place Hotel.

---

[1] ORS 197.825(2)(a) states in pertinent part:
(…)
(2) The jurisdiction of the board:
    (a) Is limited to those cases in which the petitioner has exhausted all remedies
    available by right before petitioning the board for review;

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 7**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

Plaintiff has served a *subpoena duces tecum* on Fowler. (Doc. 86.) Some of the

documents Fowler has provided in his partial response substantiate his connection to and

political support for Defendant Holladay (Nicita Declaration, Ex. K, pp. 11 and 15 (bottom)

of 16) and three of the city commissioners who voted to impose the onerous nearly $8,000

appeal fee: Brian Shaw (Nicita Declaration, Ex. K, pp. 9-10, 12-14 of 16), Nancy Ide (Nicita

Declaration, Ex. K, pp. 7-8 of 16), and Renate Mengelberg. (Nicita Declaration, Ex. K, p. 6

of 16 .)  Fowler's relationships with Defendant Holladay and the three commissioners

referenced is one reason that Schwabe's Robinson files should have information responsive

to item #4 of Plaintiff's *subpoena duces tecum.*

Fowler's political control over Oregon City is so thorough that he was also able to

hijack the McLoughlin Neighborhood Association (MNA) and railroad it into overturning, at

a meeting held on November 20, 2017, its own prior vote to appeal the Planning

Commission's approval of the Abernethy Place Hotel to the City Commission and request a

fee waiver, pursuant to OCMC 17.50.290(C).[2] One document gives a glimpse of his own

organizing efforts to stack the of the MNA meeting of November 20, 2017. (Nicita

Declaration, Ex. K, p. 2 of 16 (email dated November 13, 2017 at 9:00 am).) Robinson

attended the MNA meeting on November 20, 2017. (Nicita Declaration, ¶ 2.) Therefore there

is good reason to believe that Schwabe's Robinson files include information responsive to

---

[2] OCMC 17.50.290 states in pertinent part:
   Fee Waivers…Appeal fees may be waived, wholly or in part, by the city commission, if the city commission finds that, considering fairness to the applicant and to opposing parties, a full or partial waiver of the appeal fee is warranted. Appeal fees shall not be charged for an appeal filed by a city-recognized neighborhood association, so long as the appeal has been officially approved by the general membership or board of the neighborhood association at a duly announced meeting.

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 8**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

items #1 and #2 of Plaintiff's *subpoena duces tecum.*

Finally, documents obtained from Mr. Fowler reveal the latter's extensive organizing efforts to oppose Plaintiff's alternative efforts in January 2018 to obtain a vote of the MNA to request an appeal fee waiver on his individual behalf as a constituent and member of the MNA. (Nicita Declaration, Ex. K, pp. 1-2 and 5 of 16.) Therefore, Schwabe's Robinson files very likely have information responsive to item #3 of Plaintiff's *subpoena duces tecum.*

### C. Relevance to Defendant's Third Affirmative Defense: Qualified Immunity

Defendants' Third Affirmative Defense of qualified immunity (Nicita Declaration, p. 6 of 9) places squarely at issue the advocacy and/or advice that Defendant Holladay and the city commissioners received from the city attorney, and in particular the deputy city attorney, Carrie Richter. *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F3d 1322, 1326 (1995), citing *Hearn v. Rhay*, 68 F.R.D. 574 (1975). Defendants qualified immunity defense "places privileged matters in controversy." *Gomez v. Vernon*, 255 F3d. 1118, 1131 (9th Cir. 2001).

A January 11, 2018 invoice from the city attorneys of Oregon City to Defendant City of Oregon City for legal services through the end of 2017 regarding the Abernethy Place Hotel land use proceedings reveals that on December 13, 2017 the deputy city attorney Carrie Richter actually met personally with Mr. Robinson "regarding fee waiver issues." (Nicita Declaration, Ex. J, p. 1 of 2.) (Defendants have released this invoice as a discovery disclosure; however, they have <u>not</u> released the invoice for legal services after December 31, 2017, or the vast majority of the city attorney documentation Plaintiff has requested.)

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 9**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

On January 30, 2018, Robinson submitted public comment to the City Commission, arguing that "the City Commission *should* reject Appellant's Fee Waiver Request and require Appellant to commit, on the record, to waiving his right to a refund of the base appeal fee and committing to paying the actual City Attorney's fees for the appeal." (Emphasis added.) (Nicita Declaration, Ex. I, p. 4 of 23.)

The next day, January 31, 2018, the deputy city attorney went even further, and stated, "If the Commission denies the fee waiver, in whole or in part, the Appellant *must* be asked to state on the record whether he wishes to proceed with the appeal, committing to payment of the appeal fee, including the reimbursement of actual attorney fees." (Emphasis added.) (Nicita Declaration, Ex. I, pp. 8-9 of 23.)

This collaboration between Robinson and Richter in advocating to Defendant Holladay and the other four city commissioners to impose the onerous nearly $8,000 local appeal fee upon Plaintiff renders Schwabe's Robinson file is relevant to Defendants' qualified immunity affirmative defense.

### D. Relevance to Defendant's Fourth Affirmative Defense: Quasi-Judicial Immunity

The Defendants raise quasi-judicial immunity "for those acts and decisions involving the payment of fees and expenses pertaining to litigation surrounding the development and zoning described in Plaintiff's Second Amended Complaint in light of the provisions of Oregon City Municipal Code 17.50.290(c) and applicable related provisions and resolutions of Oregon City, if any." (Nicita Declaration, Ex. C, p. 6 of 9.)

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 10**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

Whether judicial immunity shields officials other than judges turns on whether the relevant agency adjudications contain many of the same safeguards as are available in the judicial process, including, as pertinent here, "a decision-maker insulated from political influences." *Buckles v. King County,* 191 F.3d 1127, 1133-1134 (9th Cir. 1999).

Were the Defendants shielded from political influence if they were allowing Robinson, the attorney acting on behalf of the politically dominant player in Oregon City, Fowler, the seemingly unique privilege of meeting privately with Richter "regarding fee waiver issues" and thereafter collaborating in advocating for the imposition of the onerous nearly $8,000 local appeal fee.

Also, Oregon law excludes staff communications with planning commissioners or city council members from prohibited *ex parte* contact during a quasi-judicial land use proceeding. ORS 227.180(4).[3] Could someone politically influence the city commission hearing Plaintiff's appeal by communicating not directly to the city commission, either directly in a hearing or *ex parte*, but indirectly, by meeting privately with the city attorney, who in turn could communicate privately with the city commission, communications which themselves by law would not be considered *ex parte*.

Finally, under OCMC 17.50.290(c), the neighborhood association fee waiver request process and the subsequent fee waiver request process for individuals, based on the standard of "fairness to the applicant and to the opposing parties," are inextricably intertwined. During

---

[3] ORS 227.180 states in pertinent part:
    (4) A communication between city staff and the planning commission or governing body shall not be considered an ex parte contact…

**Plaintiff's Motion to Compel Production From**          **James J. Nicita**
**Schwabe Williamson & Wyatt, P.C. - 11**                  **Attorney at Law**
                                                           **302 Bluff Street**
                                                   **Oregon City, Oregon 97045**
                                                          **p) (503)-799-0725**
                                                   **e) james.nicita@gmail.com**

the City Commission hearing on his fee waiver request, Plaintiff noted Fowler's efforts to get

the MNA to overturn its decision to appeal the proposed Abernethy Place Hotel and request a

fee waiver. (Ex. I, p. 18 of 23.) Fowler's efforts cut directly to the question of "fairness to the

applicant and to the opposing parties," and Robinson was a witness to, and perhaps a direct

participant in, Fowler's efforts.  Similarly, it was not "fair" that Defendants did not disclose

to Plaintiff the fact that the deputy city attorney was meeting privately with the applicant's

attorney "regarding fee waiver issues."  Plaintiff was unable to raise the fact as part of his

"fairness" argument in the City Commission hearing on his fee waiver request.

### III. Responses to Schwabe's Objections

#### A.    *Client confidentiality (Nicita Declaration, Ex. G, pp. 7-8 of 9)*

This objection is based on state ethics rules, which do not create evidentiary

privileges in a court of law. *Crimson Trace Corp. v. Davis Wright Tremaine,* LLP, 355

Or 476, 500-501 (2014).

#### B.    *Attorney work product (Nicita Declaration, Ex. G, p. 8 of 9)*

Regarding attorney work product, as the objection acknowledges in subsection C

(Nicita Declaration, Ex. G, p. 9 of 9), neither Schwabe, Robinson, Hill Architects,

Hackett Hospitality, LLC, nor Fowler, is a party to the instant case. Only parties may

claim work product protection; nonparties may not. Fed. R. Civ. P. 26(b)(3)(A);  *In re*

*California Public Utilities Commission*, 892 F2d 778, 781 (9th Cir. 1989); *Cahill v. Nike,*

**Plaintiff's Motion to Compel Production From**          **James J. Nicita**
**Schwabe Williamson & Wyatt, P.C. - 12**                    **Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

Order dated October 9, 2020, Case No. 3:18-cv-1477-JR (D. Or. 2020), pp. 8-9, citing *In re California Public Utilities Commission*, *supra*.

     **C.**     *Undue burden and expense and inability to comply within the time permitted. (Nicita Declaration, Ex. G, p. 9 of 9)*

Plaintiff incorporates herein by reference Section I, *supra*. Plaintiff's request is very narrow, and does not constitute an undue burden. Furthermore, Schwabe has had more than ample time to comply with Plaintiff's *subpoena duces tecum.*

Plaintiff first alerted Schwabe that he would be seeking Robinson's attorney work product on August 3, 2023. (Nicita Declaration, Ex. F, pp. 10 and 12 of 13.)  This was over one month before Plaintiff caused to be served his second *subpoena duces tecum* on September 5, 2023. (Nicita Declaration, Ex. G., p. 2 of 9.) In other words, Schwabe had an entire additional month to respond to Plaintiff's request.

The *subpoena duces tecum* gave a response date of October 1, 2023. (Nicita Declaration, Ex. G., p. 2 of 9.) Therefore, under the terms of the subpoena itself, Schwabe had twenty-five (25) days to comply, or roughly one month. Fourteen days is a "reasonable time" to comply with a *subpoena duces tecum* pursuant to Fed. R. Civ. P. 45(d)(3)(A)(i).  *Roadrunner Intermodal Services, LLC v. T.G.S. Transportation, Inc.*, 2017 WL 4844381 (E.D. Ca. 2017), p. 3.

Beyond that, Schwabe had the additional time of an entire month leading up to the telephonic consultation on November 2, as well as the further additional three weeks leading up to the filing of this motion.

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 13**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

## IV.    CONCLUSION

Plaintiff respectfully requests the Court compel Schwabe to produce the documents

requested in Plaintiff's second *subpoena duces tecum* dated August 23, 2023 and served on

September 5, 2023.


DATED November 24, 2023

/s/ James J. Nicita
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR   97045
(503) 799-0725
james.nicita@gmail.com

Plaintiff *Pro Se*

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 14**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

## **LR 7-2(b)(2) Certification**

 

 

I, James J. Nicita, certify that this motion complies with the applicable word-count limitation under LR 7-2(b), because the memorandum portion of the motion contains 2997 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED November 24, 2023

/s/ James J. Nicita
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR
(503) 799-0725
james.nicita@gmail.com

Plaintiff *Pro Se*

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 15**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

## CERTIFICATE OF FILING AND SERVICE

I JAMES J. NICITA, hereby certify that on November 24, 2023 I filed the foregoing **PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM SCHWABE WILLIAMSON & WYATT, P.C.** with the U.S. District Court of Oregon via the Court's electronic filing system ("E-File").

I further certify that on November 24, 2023, I served the foregoing **PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM SCHWABE WILLIAMSON & WYATT, P.C.** upon Defendants Daniel W. Holladay and City of Oregon City by E-File to the their following counsel:

Aaron Hisel
OSB No. 161265
Capitol Legal Services
901 Capitol St NE,
Salem, OR, 97301
(503) 223-3000
aaron@capitol.legal

I further certify that on November 24, 2023, I served the foregoing **PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM SCHWABE WILLIAMSON & WYATT, P.C.** upon Schwabe Williamson & and Wyatt, P.C. by first class mail, return receipt requested, at the following address:

Schwabe Williamson & Wyatt, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204

I further certify that on November 24, 2023, I served the foregoing **PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM SCHWABE WILLIAMSON & WYATT, P.C.** upon Colin Folawn, general counsel for Schwabe Williamson & and Wyatt, P.C. by first class mail and email, at the following address:

Colin Folawn
OSB No. 112298
General Counsel
Schwabe Williamson & Wyatt, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
(206)-407-1500
cfolawn@schwabe.com

///

<table>
<tr><td><b>Plaintiff's Motion to Compel Production From<br>Schwabe Williamson & Wyatt, P.C. - 16</b></td><td><b>James J. Nicita<br>Attorney at Law<br>302 Bluff Street<br>Oregon City, Oregon 97045<br>p) (503)-799-0725<br>e) james.nicita@gmail.com</b></td></tr>
</table>

DATED November 24, 2023

/s/ James J. Nicita
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR
(503) 799-0725
james.nicita@gmail.com

Plaintiff *Pro Se*

**Plaintiff's Motion to Compel Production From**
**Schwabe Williamson & Wyatt, P.C. - 17**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**