**Colin Folawn**, OSB #112298
Email: cfolawn@schwabe.com
**Anna Helton**, OSB #054424
Email: ahelton@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

Attorneys for Schwabe, Williamson & Wyatt, P.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAMES J. NICITA, a resident of Oregon,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL W. HOLLADAY, in his individual capacity; in his official capacity as mayor of the City of Oregon City, Oregon,<br><br>Defendant. | No. 3:19-cv-01960-YY<br><br>SCHWABE, WILLIAMSON & WYATT, P.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND MOTION FOR PROTECTIVE ORDER |

Schwabe, Williamson & Wyatt, P.C. ("Schwabe") submits the following memorandum in opposition to Plaintiff's motion to compel and in support of a motion for protective order.

**Conferral Certification**

Colin Folawn conferred with Plaintiff regarding his motion to compel. During that conferral, Mr. Folawn and Plaintiff also conferred regarding the relief sought in this motion.

Page 1 - SCHWABE, WILLIAMSON & WYATT, P.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND MOTION FOR PROTECTIVE ORDER

PDX\112784\248340\ASM\40819107.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981

**Motion**

Schwabe opposes Plaintiff's motion and moves under Fed. R. Civ. P. 26(c) for a protective order that would allow it to withhold from discovery confidential work-product material related to a Schwabe client that is not a party to this case. Forcing Schwabe to provide such material would be oppressive and unduly burdensome, warranting a protective order.

**I.     Introduction**

Plaintiff Nicita seeks to require Schwabe to reveal information protected by the work-product doctrine and confidential client information related to a Schwabe client that is not a party to this case. The Court should not allow Plaintiff to pierce the important protections in place that prohibit disclosure of those materials. Instead, the Court should deny the motion and grant a protective order in favor of Schwabe.

Plaintiff also has failed to take reasonable steps to avoid imposing undue burden or expense on Schwabe in responding to the subpoena, as required under Fed. R. Civ. P. 45(d)(1). For that independent reason, the Court should deny Plaintiff's motion to compel. In the alternative, if the Court were to grant Plaintiff's motion in whole or in part, it should order Plaintiff to pay the reasonable costs incurred in gathering, reviewing, and producing the requested information.

**II.    Points and Authorities**

   **A.    The documents Plaintiff seeks are protected by the work-product doctrine, and producing them would cause Schwabe undue burden and oppression.**

Long ago, the United States Supreme Court recognized that the files and mental impressions of a lawyer require protection:

> Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney. * * * [I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. * * * Were [work product of the lawyer] open to opposing counsel on mere demand, must of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be

Page 2 -   SCHWABE, WILLIAMSON & WYATT, P.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND MOTION FOR PROTECTIVE ORDER
PDX\112784\248340\ASM\40819107.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981

his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

*Hickman v. Taylor*, 329 U.S. 495, 510–511 (1947).

Applying those important principles, in *In re Student Finance Corp.*, 2006 U.S. Dist. LEXIS 86603 (E.D. Pa. 2006), the district court extended work-product protection to non-parties subject to a subpoena. When doing so, the court noted that the work-product doctrine may be invoked beyond the parameters of Fed. R. Civ. P. 26(b)(3) for three reasons: (1) Fed. R. Civ. P. 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter" when no exception or waiver applies; (2) Fed. R. Civ. P. 26(c) authorizes protective orders for good cause in order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense[,]" which language is "sufficiently sweeping to authorize a protective order preventing the undue burden of disclosing third-party work product[;]" and (3) *Hickman* itself provides authority to expand work-product protection outside the terms of Fed. R. Civ. P. 26(b)(3). *In re Student Finance Corp*, 2006 U.S. Dist. LEXIS 86603, * 32–34.

Following the policies expressed in *Hickman* and *In re Student Finance Corp.*, the Court should deny the motion to compel and issue a protective order because the subpoena—on its face—specifically seeks documents covered by the work-product doctrine. *See* Declaration of James Nicita, Ex. G at 5 (subpoena requesting documents "including…attorney work product…" regarding four different topics). Requiring Schwabe to produce its files related to the representation of a client, as plaintiff seeks, would create the undue burden of disclosing work product contemplated in *In re Student Finance Corp.* (2006 U.S. Dist. LEXIS 86603 at ** 33–34) and create a chilling effect on the legal profession, an effect that *Hickman* aimed to avoid. Plaintiff's motion to compel therefore should be denied, and Schwabe's motion for protective order should be granted.

Page 3 -   SCHWABE, WILLIAMSON & WYATT, P.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND MOTION FOR PROTECTIVE ORDER

PDX\112784\248340\ASM\40819107.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981

The holding in *In re Ca. Pub. Util. Comm'n*, 892 F.2d 778 (9th Cir. 1989), cited by the Plaintiff, does not warrant a different result. In that case, the court determined that the protections in Fed. R. Civ. P. 26(b)(3) belong only to parties to the case and their representatives. *In re Ca. Pub.*, 892 F.2d at 781. The court's analysis of the work-product doctrine's applicability to third parties subject to a subpoena, however, started and ended with only Fed. R. Civ. P. 26(b)(3). The court did not analyze the question under Fed. R. Civ. P. 26(c), instead stating in *dicta* that although Fed. R. Civ. P. 26(b)(3) applies only to parties to a case, third parties subject to a subpoena seeking work-product materials could still seek protection under Fed. R. Civ. P. 26(c), as Schwabe does here. *Id*. For those reasons, the Court should deny the motion to compel and grant Schwabe's motion for protective order.

**B.     The documents plaintiff seeks contain confidential client information and producing them would cause Schwabe undue burden and oppression.**

The Court should deny the motion to compel and grant Schwabe's motion for protective order for the independent reason that the records Plaintiff seeks contain confidential client information that an attorney may not disclose under OR RPC 1.6(a) or ORS 9.460(3). Under OR RPC 1.6(a), "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)." OR RPC 1.6(a).[1] The definition of "information relating to the representation of a client" reveals that it includes *all* information relating to the representation, regardless of source:

> "Information relating to the representation of a client" denotes both information protected by the attorney-client privilege under applicable law, and other information gained in a current or former professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

---

[1] Subsection 1.6(b) provides certain exceptions, none of which apply here.

Page 4 -   SCHWABE, WILLIAMSON & WYATT, P.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND MOTION FOR PROTECTIVE ORDER
PDX\112784\248340\ASM\40819107.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981

OR RPC 1.0(f). Similarly, ORS 9.460(3) dictates that "An attorney shall [m]aintain the confidences and secrets of the attorney's clients consistent with the rules of professional conduct…." Even after the cessation of a matter, information remains protected under the rule regarding former clients. *See* OR. RPC 1.9(c)(2) (providing that, as to former clients, an attorney shall not "reveal information relating to the representation except as these Rules would permit or require with respect to a client").

Requiring Schwabe to produce documents from its files related to the representation of its client would mean forcing Schwabe to break the client confidentiality rules embodied in the Rules of Professional Conduct and Oregon law. Such action would cause Schwabe significant undue burden and oppression by way of the chilling effect it would have on a client's ability to trust that its information will be kept confidential as the Rules of Professional Conduct and Oregon law require. The Court therefore should deny Plaintiff's motion and grant Schwabe's motion for protective order.

    **C.**    **Production would cause Schwabe undue burden and expense.**

Finally, the Court should deny the motion to compel and grant Schwabe's motion for protective order because searching for, reviewing, and analyzing a Schwabe client's file for documents responsive to the subpoena would cause Schwabe (a non-party) undue burden and expense. In responding to the subpoena, Schwabe would need to examine each document in its file to determine if it fell within the subpoena, and if so, whether it was attorney-client privileged. Schwabe should not have to go to that cost and expense as a non-party to this case.

Alternatively, if the Court grants Plaintiff's motion, then Schwabe requests that the fees and costs of responding to the subpoena be shifted to Plaintiff and that he be required to reimburse Schwabe for all fees and costs incurred in complying with the subpoena.

Page 5 -   SCHWABE, WILLIAMSON & WYATT, P.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND MOTION FOR PROTECTIVE ORDER

PDX\112784\248340\ASM\40819107.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503-222-9981

### III. Conclusion

For all of the above reasons, the Court should deny Plaintiff's motion to compel and grant Schwabe's motion for protective order.

Dated this 11th day of December, 2023.

                Respectfully submitted,

                SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Colin Folawn*
Colin Folawn, OSB #112298
Email: cfolawn@schwabe.com
Anna Helton, OSB #054424
Email: ahelton@schwabe.com
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

Attorneys for Schwabe, Williamson & Wyatt, P.C.

Page 6 -   SCHWABE, WILLIAMSON & WYATT, P.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND MOTION FOR PROTECTIVE ORDER

PDX\112784\248340\ASM\40819107.3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503-222-9981