The Honorable Youlee Yim You

James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR   97045
(503) 799-0725
james.nicita@gmail.com

    Plaintiff *Pro Se*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| JAMES J. NICITA, a resident of Oregon<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL W. HOLLADAY, in his individual capacity; in his official capacity as mayor of the City of Oregon City, Oregon,<br><br>   and<br><br>THE CITY OF OREGON CITY, a municipal corporation,<br><br>    Defendants. | Case No.  3:19-cv-01960-YY<br><br>**PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR REASONABLE EXPENSES AND SANCTIONS**<br><br>**ORAL ARGUMENT REQUESTED** |

### FED. R. CIV. P. 37(a)(1), 37(d)(1)(B) and L.R. 7-1(A) CERTIFICATION

    Over the course of nearly the entire year 2023, Plaintiff has engaged in numerous communications with Defendants' various counsel in consistent good faith attempts to obtain compliance with his discovery requests. Plaintiff details the efforts he made through May 31,

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 1**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

2023 in his Declaration of James Nicita in Support of Plaintiff's Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions. (Doc. 76.)

Plaintiff held an in-person conference with Defendants' counsel on June 29, 2023, and afterwards engaged in numerous telephonic conversations and email exchanges with Defendants' counsel. Plaintiff references some of the foregoing in Ex. 6 of the accompanying Declaration of James Nicita in Support of Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions ("Nicita Declaration").

**MOTION**

Pursuant to Fed. R. Civ. P. 37(a), and L.R. 26-3, 33-3, and 37, Plaintiff respectfully moves the Court to compel the interrogatory responses and still-unreleased documents requested in Plaintiff's Second Interrogatory and Request for Production dated January 26, 2023 (Nicita Declaration, Ex. 2, hereinafter "Second RFP"); and the still-unreleased documents requested in Plaintiff's Third Requests for Production (Nicita Declaration, Ex. 4, hereinafter "Third RFP"). Should the Court grant this motion, Plaintiff respectfully requests that the Court, at its discretion, award Plaintiff reasonable expenses Pursuant to Fed. R. Civ. P. 37(a)(5) and sanctions under Fed. R. Civ. P. 37(d)(1) and (3).

Due to the word count limitations in LR 26-3(b), Plaintiff does not address all of the interrogatories or requests for production with which Defendants have failed to comply, but focuses on high priorities.

**MEMORANDUM**

I. **The Requested Information and Its Relevance**

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 2**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

Defendants have made two disclosure sets. The first occurred on or about June 8, 2023 ("First Disclosure;" DEF 000001-0007431), purportedly in response to Plaintiff's Second RFP. However, as Plaintiff stated on June 28, 2023, this disclosure was non-responsive, consisting of documents Plaintiff had specifically excluded from his Second RFP, namely, "the record and supplemental record of the Land Use Board of Appeals case *Nicita v. City of Oregon City*, Case No. 2018-038." (Nicita Declaration, Ex. 2, p. 6; Supplemental Declaration of James Nicita in Support of Plaintiff's Motion to Compel Discovery dated June 27, 2023, ¶¶ 2-4 (Doc. 88)); Transcript of proceedings, pp. 9-10 (Doc. 96).

The second occurred on or about September 26, 2023 ("Second Disclosure;" DEF 007432-007661). There are some responsive documents in this collection, but Plaintiff believes it is only the "tip of the iceberg" of responsive documents that have yet to be disclosed.

### A. Relevance

Judge Hernandez's Order in this case dated April 4, 2022 states:

> Although Plaintiff may fail to support his claim with admissible evidence, or he may fail to show more than nominal damages because the evidence reveals that the other Commissioners' votes lacked a retaliatory motive, these potential roadblocks are irrelevant at the pleading stage.

Order, pp. 4-5. (Doc. 44.)

The "retaliatory motive" is that described in the third element of the test for First Amendment retaliation:

> [A] plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 3**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

Order, p. 2  (Doc. 44), citing *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016).

After Judge Hernadez issued his Order, on April 20, 2022 Plaintiff filed his second amended complaint to reflect the foregoing. Second Amended Complaint (hereinafter, "Complaint," ¶¶ 28-31, 38, 42.) (Doc. 47.)

In this case, the "retaliatory motive" related to Plaintiff's rights to speech and to petition for the redress of grievances: namely imposing the nearly $8,000 appeal fee upon Plaintiff to prevent Plaintiff from appealing the Planning Commission's approval of the proposed Abernethy Place Hotel to the City Commission; and, furthermore, to prevent Plaintiff from fulfilling exhaustion of remedies requirements in ORS 197.825(2)(a)[1] to be able to further appeal to the Oregon Land Use Board of Appeals (LUBA).

Establishing a retaliatory motive of Defendant Holladay and the other city commissioners for imposing the onerous appeal fee on Plaintiff necessarily involves context beyond these five individuals, and incidents beyond the specific vote to impose the fee. The Court and jury must examine what influences, if any, other players might have brought to bear on the commissioners who actually voted, including but not limited to, the city manager, the planning director, the city attorneys, and the applicant for the land use approval of the proposed Abernethy Place Hotel.

---

[1] ORS 197.825(2)(a) states:
  (…)
  (2) The jurisdiction of the board:
    (a) Is limited to those cases in which the petitioner has exhausted all remedies available by right before petitioning the board for review;

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 4**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

Interrogatory No. 1 (Nicita Declaration, Ex. 2, pp. 3-4) of the Second RFP is relevant: that the "actual attorney fees" component of the appeal fee has never been collected suggests that the fee was intended to prevent Plaintiff from appealing; but because Plaintiff did appeal, the "actual attorney fees" did not achieve the retaliatory result, and therefore no one was interested in actually collecting it.

In preparing this renewed motion, Plaintiff has discovered an oversight. Plaintiff based this interrogatory on a redacted collection of billing statements he received from Defendant Oregon City via a Public Records Act request in 2018. (Nicita Declaration, Ex. 7.)[2] Plaintiff has realized that he has continually misread this collection of billing statements as only consisting of Invoice No. 71644, when in fact there are several separate invoices under separate invoice numbers. Interrogatory No. 1 clearly intends to refer to the entire collection, because the latter results in the full "actual attorney fees" portion of the appeal fee Defendants assessed against Plaintiff.

In this regard, Defendants have complied with the strict letter of Plaintiff's Request for Production #1 of his Second RFP (Nicita Declaration, Ex. 2, p. 5), by disclosing Invoice No. 71644 as part of their Second Disclosure (DEF 007432-0007434; Nicita Declaration, Ex. 8). However, Plaintiff is interested in all of the billing statements. Plaintiff has clarified this interest to Defendants' counsel (Nicita Declaration, Ex. 6, pp. 4-5 and 9 of 10). They would be responsive to Plaintiff's Request for Production #3 of Plaintiff's Second RFP (Nicita Declaration, Ex. 2, p. 6) as documents "generated and received by Oregon City staff;" i.e.,

---

[2] Plaintiff has requested the unredacted version of this document. (Nicita Declaration, Ex. 6, p. 5 of 10.)

| Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 5 | James J. Nicita<br>Attorney at Law<br>302 Bluff Street<br>Oregon City, Oregon 97045<br>p) (503)-799-0725<br>e) james.nicita@gmail.com |
|---|---|

"generated" by the city attorneys, who are city staff, and "received" by the city manager, who is city staff.

As for other documents in Plaintiff's Request for Production #3 of Plaintiff's Second RFP, Plaintiff has not found in Defendants' Second Disclosures any documents generated or received by Defendant Holladay[3], or the other four city commissioners Shaw, Ide, O'Donnell, or Mengelberg. It is inconceivable that such documents do not exist. Oregon land use laws explicitly exclude staff communications with city commissioners as prohibited *ex parte* contact. ORS 227.180(4).[4] Furthermore, even city commissioner communications with persons outside of city staff would not be considered *ex parte* after the conclusion of the public hearings, and such communications could retrospectively reveal retaliatory intent.

---

[3] Early in this case, Plaintiff notified Defendants of the need to preserve Defendant Holladay's documentation relevant to this case. Nicita Declaration, Ex. 1.

[4] ORS 227.180 states in pertinent part:

(3) No decision or action of a planning commission or city governing body shall be invalid due to ex parte contact or bias resulting from ex parte contact with a member of the decision-making body, if the member of the decision-making body receiving the contact:

　(a) Places on the record the substance of any written or oral ex parte communications concerning the decision or action; and

　(b) Has a public announcement of the content of the communication and of the parties' right to rebut the substance of the communication made at the first hearing following the communication where action will be considered or taken on the subject to which the communication related.

*(4) A communication between city staff and the planning commission or governing body shall not be considered an ex parte contact for the purposes of subsection (3) of this section.*

(Emphasis added.)

| | |
|---|---|
| **Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 6** | James J. Nicita<br>Attorney at Law<br>302 Bluff Street<br>Oregon City, Oregon 97045<br>p) (503)-799-0725<br>e) james.nicita@gmail.com |

Defendants' lack of disclosure of city commissioner communications prejudices Plaintiff by denying him exhibits for the depositions of the four city commissioners Plaintiff has discussed with Defendants. (Nicita Declaration, Ex. 6, p. 6 of 10.)

### B. Relevance to Defendant's Third Affirmative Defense: Qualified Immunity

Defendants' Third Affirmative Defense is Qualified Immunity. (Defendants' Answer, ¶ 20 (Doc. 52)), which places at issue the advocacy/advice that Defendant Holladay and the city commissioners received from the city attorneys.. *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F3d 1322, 1326 (1995), citing *Hearn v. Rhay,* 68 F.R.D. 574 (1975). Defendants qualified immunity defense "places privileged matters in controversy." *Gomez v. Vernon*, 255 F3d. 1118, 1131 (9th Cir. 2001).

The January 11, 2018 city attorney invoice reveals that on December 13, 2017 the deputy city attorney Carrie Richter actually met personally with the applicant's attorney Michael Robinson "regarding fee waiver issues." (Nicita Declaration, Ex. 8, p. 2 of 3.)

On January 30, 2018, Robinson argued that "the City Commission *should* reject Appellant's Fee Waiver Request and require Appellant to commit, on the record, to waiving his right to a refund of the base appeal fee and committing to paying the actual City Attorney's fees for the appeal." (Emphasis added.) (Nicita Declaration, Ex. 9, p. 2 of 35.)

The next day Richter, with the community development director, incorporated Robinson's suggestion, and went further: "If the Commission denies the fee waiver, in whole or in part, the Appellant *must* be asked to state on the record whether he wishes to proceed with the appeal, committing to payment of the appeal fee, including the reimbursement of

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 7**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

actual attorney fees." (Emphasis added.) (Nicita Declaration, Ex. 9, pp. 6-7 of 35.) Richter cited no authority for this statement.

Finally, Plaintiff raised First Amendment retaliation (he used the term "retribution") in his testimony during his fee waiver hearing. (Nicita Declaration, Ex. 9, p. 16 of 35.) In its findings of fact and conclusion of law, the City Commission, likely pursuant to Richter's drafting, denied Plaintiff on this point. (Nicita Declaration, Ex. 9, p. 32 of 35.)

There was thus collaboration between Richter and Robinson in advocating to Defendant Holladay and the four city commissioners to impose the nearly $8,000 local appeal fee in order to prevent Plaintiff from exercising his First Amendment rights to speech and to petition for the redress of grievances. Such collaboration renders all city attorney documentation, and communications between the city attorneys and Robinson, relevant to Defendant's affirmative defense of qualified immunity.

During the course of Plaintiff's conferral with Defendants' counsel, the latter indicated on October 5, 2023, that the Defendants had attorney documentation they were willing to provide, but only pursuant to a protective order. (Nicita Declaration, Ex. 6, p. 1 of 10.) Plaintiff refused to enter into such a protective order. (Nicita Declaration, Ex. 6, p. 4 of 10.) Since Defendants have never provided Plaintiff a privilege log, Plaintiff still does not know what these documents consist of, or how many there are.

All of the documents in Plaintiff's Third RFP (Nicita Declaration, Ex. 4) are relevant to Plaintiff's claims. Defendants have partially acknowledged such. In their Second Disclosure, Defendants have submitted DEF 007626-007657, which consist of correspondences (there are multiple duplications) between the city attorneys of Oregon City

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 8**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

and attorney Robinson regarding Plaintiff's LUBA appeal. These respond to Request for Production No. 1(f). As stated above, however Defendants' affirmative defense of qualified immunity renders relevant *all* communications between the city attorneys of Defendant Oregon City and attorney Robinson. Not all have been disclosed.

### III. Responses to Defendants' Objections

####    A. *Defendants have waived objections to Plaintiff's discovery requests*

   1. Under Fed. R. Civ. P. 33(b)(2) and (4) 34(b)(2)(a)

It is well settled under both Fed. R. Civ. P. 33 and 34 that a failure to object to discovery requests within the time required constitutes a waiver of any objection. *Davis v. Fendler,* 650 F2d 1154, 1160 (9th Cir. 1981), *Richmark Corp. v. Timber Falling Consultants,* 959 F2d 1468, 1474 (9th Cir. 1992). Defendants failed to respond to Plaintiff's Fed. R. Civ. P. 33 interrogatories, as well as to his Fed. R. Civ. P. 34 requests for production of documents, within the 30-day time limits.

Plaintiff served Defendants his Second RFP on January 26, 2023. (Nicita Declaration, Ex. 2, p. 6.) Defendants did not serve Plaintiff objections until June 7, 2023, over four months later. (Nicita Declaration, Ex. 3, p. 8.) Furthermore, Defendants served these objections only after Plaintiff filed his first motion to compel on May 31, 2023. (Doc. 75.) Defendant waived any objections to Plaintiff's Second RFP.

Plaintiff served Defendants his Third RFP on August 1, 2023. (Nicita Declaration, Ex. 4, p. 5.). Defendants did not serve Plaintiff objections until September , 2023, nearly two months later. (Nicita Declaration, Ex. 3, p. 8.) Defendant waived any objections to Plaintiff's Third RFP.

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 9**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

Furthermore, during the June 28, 2023 hearing on Plaintiff's first motion to compel, this Court directed the Defendants to generate a privilege log and provide it to Plaintiff. (Transcript of proceedings, Doc. 96, p. 12, ll. 1-5.) Defendants have defied the Court's specific directive.

2. Under Fed. R. Civ. P. 26(b)(5)(A) and 34(b)(2)(a)

The Ninth Circuit Court of Appeals has set forth the standards for waiver of objections in *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F3d 1142, (9th Cir. 2005). The Court noted that withholding documents in violation of the notice requirements of Fed. R. Civ. P. 26(b)(5) may constitute a waiver of privileges or work product protections, *Id.*, at 1147.

In *Burlington Northern*, the railroad company had responded to a discovery request days after the thirty-day time limit of Fed. R. Civ. P. 34(b)(2)(a), and only produced a privilege log after the plaintiffs had filed a motion to compel. *Id.*, at 1145-1146. This was five months after the thirty-day response requirement in Fed. R. Civ. P. 34(b)(2)(a). *Id.*, at 1149.

The Court established a multi-factor test for district courts to use in determining whether waiver has occurred. *Id.* at 1149. The Court upheld the finding of waiver, based on the five-month delay in filing a privilege log, as well as other factors. *Id.* at 1149-1150. Here, Defendants have clearly waived any privileges or work product doctrine protections, based on the *Burlington Northern* factors:

> a. *The degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged.*

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 10**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

Defendants have never submitted a privilege log, either for Plaintiff's Second RFP or Third RFP. It has been nearly eleven months since Plaintiff served Defendants his Second RFP on January 26, 2023; far beyond the five months that passed in *Burlington Northern.* It has been approximately four and one-half months since Plaintiff served Defendants his Third RFP, nearly the same time lapse as in *Burlington Northern.*

Again, during the June 28, 2023 hearing on Plaintiff's first motion to compel, this Court directed the Defendants to generate a privilege log and provide it to Plaintiff. (Transcript of proceedings (Doc. 96) p. 12, ll. 1-5.) Defendants have defied the Court's specific directive. Neither Plaintiff nor this Court can evaluate whether the withheld documents are privileged.

> b.  *The timeliness of the objection and accompanying information about the withheld documents.*

The answer to this factor is the same. The objections were untimely, No privilege logs have been submitted, and the lack of a privilege law is in defiance of this Court's directive.

> c.  *The magnitude of the document production.*

In terms of volume, Plaintiff's Second Interrogatory and Request for Production simply do not ask for much from Defendants. Nor do they cover an extended time span.

> d.  *Other particular circumstances of the litigation that make responding to discovery unusually easy (such as...the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.*

In this case, Defendants took the initiative to arrange a judicial settlement conference with Judge Sullivan. They were required by Judge Sullivan's March 17 scheduling order to engage in "meaningful discovery" in advance of the scheduled May 22, 2023 settlement

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 11**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

conference. (Doc 73, p. 1 of 3.) Such disclosure would have obviated the need for Plaintiff to file this motion.

Without waiving his waiver argument, Plaintiff submits the following regarding attorney-client privilege, attorney work product doctrine, and undue burden/expense.

### B.  *Attorney-client privilege (Nicita Declaration, Ex. 3, pp. 3-8; Ex. 5, pp. 5-8)*

Defendants may not claim the attorney-client privilege, because they have raised qualified immunity as their Third Affirmative Defense in their Answer.

As stated above, this affirmative defense places at issue the advocacy/advice that Defendant Holladay and the City Commissioners received from the city attorneys. *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F3d 1322, 1326 (1995), citing *Hearn v. Rhay*, 68 F.R.D. 574 (1975). Defendants qualified immunity defense "places privileged matters in controversy." *Gomez v. Vernon*, 255 F3d. 1118, 1131 (9th Cir. 2001).[5]

The billing statements Plaintiff requested are not protected by attorney-client privilege. *Tornay v. United States*, 840 F2d 1424, 1426 (9th Cir. 1988);

### C.  *Attorney work product doctrine (Nicita Declaration, Ex. 3, pp. 3-8; Ex. 5, pp. 5-8)*

Fed. R. Civ. P. 26(b)(3)(A)(ii) allows a party to obtain "ordinary" attorney work product if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Furthermore, a litigant may obtain "opinion" work product normally protected under Fed. R.

---

[5] Alternatively, as Plaintiff argued in Section II(B)(4)(ii)(a) of his September 26, 2022 Response to Defendants' Motion for Protective Order (Doc. 63), the Oregon City city attorneys do not consider city commissioners to be "officers" entitled to legal advice, so as to these commissioners there is no attorney-client privilege.

Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 12

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

Civ. P. 26(b)(3)(B) when mental impressions are *at issue* in a case and the need for the material is compelling. *Holmgren v. State Farm Mutual Auto Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). (Emphasis in original.) Plaintiff submits that this analysis is roughly the same as waiver of attorney client privilege when a defendant, as here, has asserted the defense of qualified immunity. Plaintiff has a substantial need to discover the mental impressions of the deputy city attorney (e.g., what cases she researched and/or legal theories she developed) to reveal how she could advocate to the city commission that it could impose the nearly $8,000 appeal fee on Plaintiff, such that this onerous fee would not constitute a retaliatory violation of Plaintiff's First Amendment rights to speech and to petition for the redress of grievances.

### D.   *Undue burden and expense and inability to comply within the time permitted. (Nicita Declaration, Ex. 3, pp. 3-8; Ex. 5, pp. 5-8)*

The information Plaintiff has requested is not extensive, and, as stated above, Defendants have taken several months beyond the response deadlines for both Plaintiff's Second and Third RFPs. Defendants have had ample time to search for and provide Plaintiff with the discovery he seeks.

## IV.   CONCLUSION

Plaintiff respectfully requests that the Court compel the pertinent responses and documents requested in Plaintiff's Second and Third RFP. Should the Court grant this motion, Plaintiff respectfully requests that the Court, at its discretion, award Plaintiff reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5) and sanctions under Fed. R. Civ. P. 37(d)(1) and (3).

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 13**

James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com

DATED December 14, 2023

<u>/s/ James J. Nicita</u>
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR   97045
(503) 799-0725
james.nicita@gmail.com

Plaintiff *Pro Se*

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 14**

**James J. Nicita**
**Attorney at Law**
**302 Bluff Street**
**Oregon City, Oregon 97045**
**p) (503)-799-0725**
**e) james.nicita@gmail.com**

## LR 7-2(b)(2) CERTIFICATION

I, James J. Nicita, certify that this motion complies with the applicable word-count limitation under LR 7-2(b), because the memorandum portion of the motion contains 2995 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED December 14, 2023

/s/ James J. Nicita
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR
(503) 799-0725
james.nicita@gmail.com

Plaintiff *Pro Se*

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 15**

**James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com**

## CERTIFICATE OF FILING AND SERVICE

I JAMES J. NICITA, hereby certify that on December 14, 2023 I filed the foregoing **PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR REASONABLE EXPENSES AND SANCTIONS** with the U.S. District Court of Oregon via the Court's electronic filing system ("E-File").

I further certify that on December 14, 2023, I served the foregoing **PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR REASONABLE EXPENSES AND SANCTIONS** upon Defendants Daniel W. Holladay and City of Oregon City by E-File to the following counsel:

Aaron Hisel
OSB No. 161265
Capitol Legal Services
901 Capitol St NE,
Salem, OR, 97301
(503) 223-3000
aaron@capitol.legal

DATED December 14, 2023

/s/ James J. Nicita
James J. Nicita
OSB No. 024068
302 Bluff Street
Oregon City, OR
(503) 799-0725
james.nicita@gmail.com

Plaintiff *Pro Se*

**Plaintiff's Renewed Motion to Compel Discovery Responses and for Reasonable Expenses and Sanctions - 16**

**James J. Nicita
Attorney at Law
302 Bluff Street
Oregon City, Oregon 97045
p) (503)-799-0725
e) james.nicita@gmail.com**