---

Aaron P. Hisel, OSB #161265
aaron@capitol.legal
Elizabeth A. Jones, OSB #201184
beth@capitol.legal
Capitol Legal Services
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7250
   Fax: (503) 779-2716
     Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JAMES J. NICITA, A RESIDENT OF OREGON,<br><br>      Plaintiff,<br><br>  v.<br><br>DANIEL W. HOLLADAY, in his individual capacity; in his official capacity as mayor of the City of Oregon City, Oregon,<br><br>  and<br><br>THE CITY OF OREGON CITY, a municipal corporation,<br><br>      Defendants. | Case No. 3:19-cv-01960-YY<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (ECF 101)** |

## INTRODUCTION

Plaintiff's motion is expressly built on his misbelief that the nearly 8,000 pages of records he has been provided are just the "tip of the iceberg" and, therefore, seeks to compel additional records he believes exist. (ECF 101, p. 3). Plaintiff spends several pages of his Motion reminding the Court that his numerous initial allegations have been limited to a single First Amendment retaliation claim relating specifically and exclusively to a February 2018 vote on whether to waive

Page 1 –  **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (ECF 101)**

an appeal fee for him. (ECF 101, pp. 3-4). Baked into this "relevance" section is Plaintiff's admission that he still desires to make this case primarily about "incidents beyond the specific vote to impose the fee." (*Id.* at p. 4). Plaintiff goes further to admit that he continues to pursue information related to whether "other players might have brought to bear on the commissioners who actually voted, including but not limited to, the city manager, the planning director, the city attorneys, and the applicant for the land use approval of the proposed Abernethy Place Hotel." *Id.* Translation: Plaintiff continues to try and litigate the previously dismissed claims, continues to try and use this litigation as a weapon against his political opponents, and continues to try and use the discovery process to develop information about other individuals that have never been a party to this case. *Id.* Plaintiff's newest motion to compel is another meritless step in that campaign. For all the reasons that follow, Plaintiff's Motion to Compel should be denied.

1. **Attorney Invoices: Plaintiff Is Not Entitled To Additional Or Unredacted Attorney Invoices.**

The first issue Plaintiff raises is claiming entitlement to unredacted attorney invoices from the City's contract attorney to the City. (ECF 101, pp. 5-6). Plaintiff admits Defendants complied with the "strict letter of Plaintiff's Request for Production #1 of his Second RFP" by providing him with Invoice No. 71644. *Id.* However, Plaintiff now seeks to compel "all of the billing statements" from the City's contract attorneys to the City under a broad request related to all documents "generated and received by Oregon City staff." *Id.* This demand is meritless for several reasons.

1. As Plaintiff admits, compliance with his specific request was complied with. That should be the end of the inquiry.

2. There is no dispute in this case about the amount Plaintiff was assessed for the appeal fee. That is a matter of public record.

Page 2 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (ECF 101)**

3. The invoices have no relevance to any remaining claims or defenses. Even in laying out why he thinks they might be relevant, Plaintiff addresses *other* people and *other* issues, not the remaining claim before the Court.

4. There are no allegations that the lone remaining defendant, former Mayor Holladay, had anything to do with the rates charged by the City Attorney's office or was influenced by that amount in casting the singular vote that remains a live controversy in this case.

5. The scope of the request seeks to apparently intentionally invade into matters well beyond the scope of even Plaintiff's previously dismissed claims and into every subject that the City obtained legal advice.

There is no basis to compel the City to turn over all of its invoices from its contract attorneys.

**2.   Communications To And From The Voting Commissioners: Plaintiff's Conspiracy's About Missing Records Is Unwarranted.**

The second issue Plaintiff raises is that in his mind it is "inconceivable" that additional records about him to and from the voting commissioners do not exist. (ECF 101, p. 6). Since recently coming onto this case, undersigned counsel has reviewed the requests made, coordinated with the previous attorneys, and coordinated with the City to ensure a diligent search for responsive records has been conducted and that the Defendants have met their discovery obligations. (Hisel Decl., ¶ 2). There are no additional relevant records to or from the voting members of the commission that have been located to produce. *Id.*

Plaintiff claims a lack of disclosure of additional documents within this realm prejudices him because he does not have deposition exhibits. (ECF 101, p. 7). This is backwards. He is seeking to compel documents he mistakenly believes exist. If he would have taken the depositions of these witnesses, he could have asked them about what communications they had, if any. Then he would know whether his "inconceivable" allegations had any merit. Instead, he wastes party

Page 3 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (ECF 101)**

and judicial resources by putting the cart before the horse with another motion to compel claiming in the ether that something else must exist. (ECF 101, p. 6).

Unsurprisingly, considering the robust public meetings laws in Oregon, the communications to and from the City about a matter the City's elected officials were going to be asked to rule upon was done formally. *See* ORS § 192.610 *et seq*. Plaintiff has been provided those communications. (Hisel Decl., ¶ 3). There is nothing else known to even compel under this category of Plaintiff's Motion.

### 3.  **Plaintiff's Qualified Immunity Related Argument Is Meritless.**

Plaintiff also argues that because Mayor Holladay is raising the defense of qualified immunity "all communications between the city attorneys of Defendant Oregon City and attorney Robinson" are relevant and subject to production. (ECF 101, pp. 8-9). This argument is also facially incorrect. Qualified immunity is a defense that is only available to Mayor Holladay in his individual capacity. *Anderson v. Creighton,* 483 U.S. 635, 638 (1987). Accordingly, the relevant portion of that defense is related only to what Mayor Holladay relied upon to inform his decision. How the City's staff formed their recommendations is irrelevant to that inquiry. Plaintiff admits this much and cites authority to support it. (*See* ECF 101, p. 12). However, that is categorically not what Plaintiff seeks to have the Court compel. Instead, he asks the Court to compel all communications between attorneys for the City and attorneys for a private citizen. (ECF 101, p. 9). *Those* communications have nothing to do with the defense of qualified immunity.[1]

---

[1] Plaintiff simultaneously seeks to compel work-product and similar communications from attorney Robinson's former firm as well. (ECF 98-100).

Page 4 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (ECF 101)**

Notwithstanding that reality, the communications between the City's staff, and Mr. Robinson including the communications from Mr. Robinson directed at the Mayor or commission have been produced to Plaintiff. (Hisel Decl., ¶¶ 2-3).

**4.** **Plaintiff Is Not Entitled To Leniency From The Rules Because He Is Pro Se In This Matter And His Baseless Tit-for-Tat Tactics Should Not Be Tolerated.**

Finally, since Plaintiff has chosen to file this Motion to Compel, Plaintiff's baseless tit-for-tat tactics must be addressed. Shortly after being assigned this case, undersigned counsel reached out to Plaintiff to confer about outstanding discovery and to try and get his deposition scheduled. (Hisel Decl., ¶ 4, Ex. 1). That was in November of 2023. *Id.* Plaintiff's response was to assert that he will neither produce any more records nor sit for a deposition until he gets the records he believes exist. *Id.* Plaintiff has made good on this tactic by not providing any dates for his deposition and not providing whatever additional records he continues to withhold. (Hisel Decl., ¶ 4).

While Plaintiff is a pro se litigant in this matter, he is also a member of the Oregon State Bar and is, therefore, **not** entitled to the leniency other pro se litigants are afforded. *See Huffman v. Lindgren,* 81 F.4th 1016, 1020-1022 (9th Cir. 2023). This conduct should not be tolerated. Plaintiff's motion should be denied, and instead, *he* should be ordered to both sit for his deposition and to provide complete discovery responses.

## CONCLUSION

It is respectfully requested that Plaintiff's Motion to Compel be denied.

DATED this 4th day of January, 2024.

s/Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Elizabeth A. Jones, OSB #201184
Attorneys for Defendants

Page 5 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (ECF 101)**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL (ECF 101) on:

> James J. Nicita
> 302 Bluff Street
> Oregon City, OR 97045
>  Plaintiff *pro se*

by the following indicated method or methods:

☒   by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

   by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

   by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 4th day of January, 2024.

               s/Aaron P. Hisel
               Aaron P. Hisel, OSB #161265
               Elizabeth A. Jones, OSB #201184
               Attorneys for Defendants